## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA L. CHAMBERS, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No. 1:19CV2601 |
| | : | |
| v. | : | Judge John R. Adams |
| | : | |
| NATIONWIDE MUTUAL | : | **ORDER** |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the motion of defendant Nationwide Mutual Insurance Company ("Nationwide") to dismiss the Amended Complaint of Plaintiffs Patricia L. Chambers, *et al*. under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Alternatively, Nationwide moves under Rule 21 to sever the putative class action claims of each of the 83 separate Plaintiffs.  Plaintiffs have responded to Nationwides's motion, and Nationwide has replied.  Thus, the motion is ripe for review.

Having considered the parties' arguments, the pleadings, and applicable law, the Court finds that the Amended Complaint fails to state a claim.  Accordingly, the motion to dismiss (Doc. 11) is GRANTED.  The reasons for the Court's ruling are fully set forth below.

**I.      BACKGROUND**

Plaintiffs are all opt-outs from the class action settlement in a lawsuit styled *Rice-Redding*, *et al. v. Nationwide Mutual Insurance Company*, Case No. 1:16cv03634 ("*Rice-Redding*"), filed in the Northern District of Georgia in 2016.  Generally, the *Rice-Redding* plaintiffs alleged that Nationwide (or non-parties Variable Marketing or MediaAlpha) violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") by making or

1

authorizing third parties to make marketing calls, using prerecorded messages or an automated dialing system, without the call recipients' consent.

After more than two years of litigation (and prior to any court ruling on class certification), the parties agreed to settle the claims on a national, settlement class basis. The Northern District of Georgia gave final approval to the settlement on July 24, 2019. *See* Final Approval Order and Judgment (Doc. 88 in Case No. 1:16CV003634). Generally, the settlement involved three separate settlement classes involving certain alleged calls made or transferred by non-party MediaAlpha, non-party Variable Marketing, or by Nationwide itself. *See id.* ¶ 2.

As part of the settlement, the putative class members were provided notice and given an opportunity to object to the settlement or to opt out. Each of the named plaintiffs in this lawsuit opted out of the *Rice-Redding* settlement. None objected to the settlement. *See* Ex. D. to Declaration of Jennifer M. Keough (doc. 87-1 in Case No. 1:16CV003634 (listing names of opt-outs.) Plaintiffs' counsel in this action solicited opt-outs to the *Rice-Redding* settlement through h his website, and submitted the opt-outs to the claims administrator. *See* Lembert Law Website Page (Ex. A, Doc. 11).

Nationwide moved to dismiss the original Complaint in this action on the basis that the 83 separate Plaintiffs failed to identify even a single call to any of the Plaintiffs and failed to provide any factual detail regarding any of the alleged calls. Furthermore, the 83 Plaintiffs failed to allege which entity made calls to them. Plaintiffs, for example, originally alleged that calls were made to them by either Nationwide or non-party Variable Marketing, but failed to identify the calling entity for any specific Plaintiff. Rather than oppose Nationwide's motion to dismiss the original Complaint, Plaintiffs obtained two extensions of time in order to file an Amended Complaint.

Like the original Complaint, the Amended Complaint purports to assert individual claims on behalf of 83 named plaintiffs throughout the country, and all of whom opted out of the *Rice-Redding* settlement. Generally, the 83 separate Plaintiffs allege that Nationwide violated the TCPA by making marketing calls to them without their consent. In the Amended Complaint, however, the 83 separate Plaintiffs still fail to allege specific facts in support of their claims. In separate paragraphs, for example, Plaintiffs provide the last four digits of their respective phone numbers. *See* Amended Complaint ¶¶ 103-286. Yet, despite two extensions of time to file an Amended Complaint, Plaintiffs still do not identify the date of even a single phone call to any one of them.

In the original Complaint, Plaintiffs alleged that "When Plaintiffs answered the calls, they were *often* met with a period of silence before hearing a prerecorded message promoting Nationwide's services." Original Complaint ¶ 103 (emphasis added). Plaintiffs no longer make this allegation in the Amended Complaint. At most, Plaintiffs allege that non-parties Variable Marketing and MediaAlpha made "automated" calls to consumers which placed the consumer in contact with a Nationwide agent or representative. *See* Amended Complaint ¶¶ 99-100. The 83 Plaintiffs still do not identify any specific calls, and do not provide any specific details, which would suggest that any calls, in fact, used an "automatic telephone dialing system" as required for a TCPA claim.

Plaintiffs also still do not provide any specific allegations regarding the entity from which they allegedly received a phone call. The 83 Plaintiffs simply make the same conclusory allegation that the (unidentified) calls for each Plaintiff were made "as part of Nationwide's telemarketing operation[.]" *See e.g.*, Amended Complaint ¶¶ 104, 106, 108. While Plaintiffs alleged in the original Complaint that calls were made either by Nationwide or non-party

3

Variable Marketing. Plaintiffs now allege that calls were also made by non-party MediaAlpha as well. *See id*. The allegation that non-party MediaAlpha also made calls appears to be the only new allegation in the Amended Complaint. As in the original Complaint, however, Plaintiffs still provide no specific allegations regarding which Plaintiffs received calls from which entity.

## II. LEGAL STANDARD

A motion to dismiss tests the legal sufficiency of the complaint. *See Reeves v. PharmaJet, Inc.*, 846 F. Supp. 2d 791, 795 (N.D. Ohio, 2012). The Court accepts as true all well-pleaded factual allegations and construes the complaint in the light most favorable to the plaintiff. *Id.* This does not mean, however, that everything in a complaint, or every inference that can be drawn therefrom, must be accepted at face value. The Court need not accept legal conclusions or unwarranted factual inferences at the motion to dismiss stage. *Id*. A complaint must "provide the grounds of [the plaintiff's] entitlement to relief," which "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted). "[A] formulaic recitation of the elements of a cause of action will not do" to overcome a motion to dismiss. *Id.*

## III. BACKGROUND

The TCPA makes it unlawful for any person within the United States . . . "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States. 47 U.S.C. § 227(b)(1)(A)(iii).

4

The TCPA defines "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity . . . (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

The TCPA also makes it unlawful for any person within the United States . . . "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(b)." 47 U.S.C. § 227(b)(1)(B).

In summary, to prevail on a TCPA claim, the plaintiff must prove that the defendant made a call to the plaintiff without prior consent and not for any emergency purpose either (1) to a cellular line using ATDS equipment or an artificial or prerecorded voice; or (2) to a residential line using an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b)(1)(A)(iii) & (b)(1)(B); *see also Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042 at *4 (N.D. Ohio Mar. 18, 2016) (discussing elements of TCPA claim); *Miller v. First Safety Bank*, 2014 WL 12586315 at *10 (S.D. Ohio Dec. 30, 2014) (same).

Here, Plaintiffs' claims fail as a matter of law because they have pled nothing more than a formulaic recitation of the elements of a cause of action, which is not sufficient under the Rule 12(b)(6) standard. As in the original Complaint, there are very few paragraphs in the Amended Complaint containing specific factual allegations. In separate paragraphs, the 83 Plaintiffs identify their phone numbers, but neglect to provide further detail. *See* Amended Complaint ¶¶103-286. The 83 Plaintiffs still fail to allege even a single date or time on which any of them received a call. *Id*.

Plaintiffs also still fail to allege any specific details regarding any alleged calls. Instead, Plaintiffs simply allege that the (unidentified) calls for each Plaintiff were made "as part of Nationwide's telemarketing operation" involving non-parties Variable Marketing or MediaAlpha. *Ss, e.g.*, Amended Complaint ¶¶ 104, 106, 108. Plaintiffs allege that Variable Marketing and MediaAlpha made "automated" calls to consumers, but provide no factual detail demonstrating that any ATDS equipment or prerecorded messages were used. *Id*. In other words, Plaintiffs still have neglected to set forth supporting factual detail and have alleged nothing more than conclusory allegations.

Numerous courts, including this Court, have held that such threadbare allegations are insufficient to state a claim as a matter of law. *See Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042 at *3-4 (N.D. Ohio Mar. 18, 2016) (Nugent, J.). In *Reo*, for example, this Court granted defendant's motion to dismiss where, as here, the complaint "contains very few factual allegations and merely parrots the statutory elements of Plaintiffs' TCPA claim[.]" *Id*. at *3-4 (no description of the content or frequency of the calls). This Court further noted that a majority of courts require a plaintiff to plead facts beyond parroting the language of the TCPA. *See id.* (discussing cases). Here, despite two extensions of time and the filing of an Amended Complaint, Plaintiffs still fail to plead any specific facts regarding any of the calls allegedly made to them. Accordingly, their claims must be dismissed as a matter of law.

Lastly, the Amended Complaint contains various allegations regarding Nationwide's purported vicarious liability for the actions of non-parties Variable or MediaAlpha. Yet, Plaintiffs fail to identify even a single call that was actually made by Variable and MediaAlpha. Instead, they repeatedly make the conclusory allegation that the (unidentified) calls for each Plaintiff were made "as part of Nationwide's telemarketing operation[.]" *See* Amended

6

Complaint ¶¶ 104, 106, 108. This Court, and other courts, have dismissed TCPA claims, where the plaintiff fails to allege sufficient facts demonstrating liability for the actions of third parties. *See Reo*, 2016 WL 1109042 at *5 (N.D. Ohio Mar. 18, 2016) (dismissing plaintiffs' TCPA claims for failure to allege facts establishing vicarious liability of defendant for actions of third-party); *see also Cunningham v. Kondaur Capital*, 2014 WL 8335868 at *7-8 (M.D. Tenn. November 19, 2014) (granting defendant's motion to dismiss because plaintiff fails to allege facts sufficient to hold defendant directly or vicariously liable for the alleged TCPA violations); *Keating v. Peterson's Nelnet, LLC*, 615 Fed. Appx. 365, 374-75 (6th Cir. 2015) (affirming the district court's grant of summary judgment to defendants because nothing in the record supported plaintiff's claim defendants were directly liable or vicariously liable for the alleged TCPA violations). Here, Plaintiffs fail to allege vicarious liability inasmuch as they failed to identify even a single call made by Variable or MediaAlpha.

Contrary to Plaintiffs' argument, the *Rice-Redding* settlement does not relieve Plaintiffs of their obligation to plead specific facts in support of their individual TCPS claims. Plaintiffs incorrectly suggest that the *Rice-Redding* settlement somehow proves that they received telemarketing calls from Nationwide. This view is incorrect. The settlement is explicit that notice was provided to "potential" class members, and that, in order to receive a settlement payment, MediaAlpha claimants were required to certify that they had actually "received one or more calls." (Doc 16-1). Furthermore, in the settlement, Nationwide expressly denied all material allegations, and (1) specifically denied that it had used an automated dialer or prerecorded voice messages; (2) specifically denied it had made any such calls without express consent; and (3) specifically denied it could be held vicariously liable for Variable or

MediaAlpha.  Thus, the settlement does not absolve the 83 Plaintiffs in this case of their duty under Rule 12(b)(6) to plead specific facts in support of each of their claims.

## IV.     CONCLUSION

For the reasons stated herein above, the Court finds that the Amended Complaint fails to state a claim.  Accordingly, the motion to dismiss (Doc. 11) is GRANTED.  Having found that dismissal is required under Rule 12(b)(6), the Court need not address Nationwide's request to sever the claims of the 83 Plaintiffs.

IT IS SO ORDERED.

Dated: May 13, 2020                                          s/John R. Adams
                                                             JOHN R. ADAMS
                                                             UNITED STATES DISTRICT JUDGE