UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA L. CHAMBERS, et al., | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO.: 1:19CV2601 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| NATIONWIDE MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion (Doc. 23) of Plaintiffs Patricia L. Chambers, et al. to clarify the Court's Order (Doc. 22) dismissing Plaintiffs' Amended Complaint against Defendant Nationwide Mutual Insurance Company ("Nationwide") under Federal Rule of Civil Procedure 12(b)(6). Nationwide has responded to the Motion to Clarify and Plaintiffs have replied. Thus, the Motion to Clarify is ripe for consideration. For the following reasons, the Court hereby ORDERS that the Motion to Clarify is GRANTED, and further ORDERS that the Rule 12(b)(6) dismissal is with prejudice.

Plaintiffs request clarification as to whether the Court's 12(b)(6) dismissal of the Amended Complaint was with or without prejudice. Plaintiffs contend that the dismissal should have been without prejudice and that Plaintiffs should be afforded a second opportunity to amend their Complaint. The Court disagrees.

The circumstances here are similar to those in *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 739 F. App'x 330, 335 (6th Cir. 2019). In that case, the Sixth Circuit affirmed the district court's dismissal for failure to state a claim with prejudice and

without leave to amend where leave to amend had not been sought prior to the dismissal and there was no basis for the district court to conclude that an amendment could cure pleading deficiencies. *Id.* at 335.

The relators in *Harper* brought claims under the False Claims Act ("FCA") against the watershed conservancy district, alleging that the district violated statutory and contractual obligations. The United States District Court for the Northern District of Ohio granted the district's motion to dismiss for failure to state a claim with prejudice and without leave to amend. On appeal, the relators relied on *Newberry v. Silverman*, 789 F.3d 636 (6th Cir. 2015) to argue that "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Id*. at 646 (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)) (holding that the district court had erred in dismissing the plaintiff's fraud claim with prejudice because there was a reasonable probability that *Newberry* could have saved the complaint by amendment). However, the Sixth Circuit in *Harper* distinguished *Newberry*, emphasizing that in the latter case Newberry had filed with his opposition to the motion to dismiss an affidavit that "contained significantly greater detail regarding [the defendant's] alleged fraud" than did the complaint and "strongly suggest[ed] that Newberry could amend his complaint to include allegations going into a similar degree of detail" and meeting federal pleading standards. *Harper*, 739 Fed. Appx. at 335 (quoting *Newberry*, 789 F.3d at 645-646). No such affidavit or basis for a proposed amendment was offered in *Harper*. Thus, the Sixth Circuit in *Harper* held that, "as this [Circuit] Court has explained both before and since *Newberry* \*\*\*a district court does not abuse its discretion by [dismissing claims with prejudice] and failing to grant leave to amend where the plaintiff has not sought leave and offers no basis for any proposed amendment." In so ruling, the Circuit explained, "The problem with the lack of a motion or proposed amendment …is that without viewing the proposed amendment, it [is] impossible for the district court to determine

whether leave to amend should have been granted." *Id*.

Here, as in *Harper*, Plaintiffs request leave to amend their complaint following dismissal for failure to state a claim without providing so much as a hint as to how a second amended complaint could potentially cure the pleading deficiencies set forth in Defendant's Rule 12(b)(6) motion and identified in the Court's dismissal order.  Nor have Plaintiffs in their briefing or by affidavit identified any additional factual allegations that could meet the pleading standard. Accordingly, this Court cannot discern whether a basis to grant leave for a second amendment exists.  Under these circumstances, and considering that Plaintiffs already have been granted and availed themselves of one opportunity to amend the original complaint, justice is not thwarted by the Court's dismissal with prejudice of the Amended Complaint and denial of leave to amend.

For all of the foregoing reasons, the Court hereby ORDERS that the Motion to Clarify is GRANTED, and further ORDERS that the Rule 12(b)(6) dismissal is with prejudice and without leave to amend.

**IT IS SO ORDERED.**


**2/8/2021**                                                                          **s/John R. Adams**
**Date**                                                                                    **John R. Adams**
                                                                                                 **U.S. District Judge**